# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5261 | **DATE** | 6/23/2004 |
| **CASE TITLE** | Dugan, et al vs. American Brick Paving, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' motion for summary judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 2 4 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 43 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH ✓ | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 02 C 5261 |
| | ) |
| AMERICAN BRICK PAVING, INC., | ) |
| and COMMERCIAL BRICK PAVING, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

**DOCKETED**
JUN 2 4 2004

AMY J. ST. EVE, District Judge:

Plaintiffs brought this action in their capacity as trustees of various employee welfare benefit plans ("the Funds") to which Defendants were allegedly required to make fringe benefit contributions on behalf of Defendants' employees. Plaintiffs moved for summary judgment, requesting unpaid contributions, liquidated damages, audit fees, and attorneys' fees under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132, 1145 ("ERISA"). For the reasons discussed below, Plaintiffs' motion is denied.

## LEGAL STANDARDS

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S. Ct. 2548, 2552 (1986). A genuine issue of triable fact exists only if "the evidence is such



that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986)). A party will successfully oppose summary judgment only if it presents "definite, competent evidence to rebut the motion." *Equal Opportunity Comm'n v. Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). The Court "considers the evidentiary record in the light most favorable to the non-moving party, and draws all reasonable inferences in his favor." *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002).

Under Local Rule 56.1, a party moving for summary judgment must file a statement of material facts consisting of "short numbered paragraphs," pointing to record materials supporting the motion. Local Rule 56.1(a)(3). In response, a party opposing a motion must file "a concise response to the movant's statement that shall contain: (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon . . ." Local Rule 56.1(b)(3)(A). Further, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Rule 56.1(b)(3)(B).

## FACTUAL BACKGROUND

Defendants are alter ego entities engaged in the business of construction and landscaping.[1] In 1996, Defendants executed the Heavy and Highway and Underground Agreement, the Illinois Building Agreement, and the Illinois and Indiana Landscape Contractors

---

[1] Defendants take issue with the description "alter ego entities," but do not dispute it for the purposes of this action.

2

Labor Agreement. These agreements required Defendants to make contributions to the Funds for each hour worked by employees covered by the terms of the agreements. On July 24, 2002, Plaintiffs filed the instant lawsuit, alleging Defendants' delinquency in their contributions to the Funds since 1996. Accordingly, Plaintiffs sought an audit of Defendants' payroll books and records in order to ascertain and recover the alleged unpaid contributions.

In November 2003, Plaintiffs completed a draft audit of Defendants' records.[2] From the audit, Plaintiffs concluded that the Funds are entitled to payments of $317,920.01 in delinquent contributions, $3,179.20 in liquidated damages, and $13,000 in auditing and attorneys' fees. In reaching this conclusion, the auditing accountant relied on "[Plaintiffs'] attorneys' determination that the . . . employees performed work defined under the scope of work provisions" in the relevant agreements. (R. 35-1, Pl.'s Stmt. of Facts, Ex. 20 ¶¶ 13, 15.)

## ANALYSIS

### I. Local Rule 56.1

As a threshold and potentially dispositive matter, the Court must address the requirements of the Local Rules of the Northern District of Illinois. As stated above, summary judgment movants must file a statement of facts to which non-movants must respond with some specificity or risk admitting the movants' facts. Plaintiffs submitted a statement of sixty-two facts, to which Defendants responded with four statements. The Court will reproduce Defendants' entire Rule 56.1 response, as doing so will not take much space:

---

[2] Plaintiffs allege that Defendants delayed and complicated the audit process by failing to keep time records longer than six weeks. Additionally, Defendants do not maintain any payroll records prior to 2000. As a result, Plaintiffs' counsel obtained documents from third parties to complete the audit.

3

| | |
|---|---|
| 1-35. | Defendants admit the facts set forth in paragraphs 1 through 35. |
| 36. | Defendants deny that Commercial Brick and American Brick are alter egos and the same company. For purposes of defending the subject action, the Defendants are not contesting the "alter ego" allegations of Plaintiffs. |
| 37. | Defendants admit the allegations of paragraph 37. |
| 38-62. | Defendants deny that the "facts" set forth in paragraphs 38-62 are undisputed, and to the contrary, Defendants allege that these paragraphs contain substantial material facts which are contested and disputed, and as such, should result in denial by this Court of Plaintiffs' motion for summary judgment. |

Defendants' blanket denial of Plaintiffs' statements 38-62 does not approach conformity with the requirements of Local Rule 56.1. While Defendants have technically provided a "response to each numbered paragraph," Defendants' truncated response is void of any "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Further, Defendants have not provided their own statement of facts under Local Rule 56.1. As a result, Defendants have not effectively controverted *any* material fact set forth in Plaintiffs' statement of facts. Because of the importance of Local Rule 56.1, the Seventh Circuit has consistently upheld a district court's discretion to strictly enforce it. *Bordelon v. Chicago School Reform Bd. of Trustees,* 233 F.3d 524, 526-527 (7th Cir. 2000). Accordingly, the Court is well within its discretion to deem admitted all supported facts set forth in Plaintiffs' Rule 56.1 statement.[3]

## II.  Defendants' Liability

The absence of a meaningful response by Defendants does not automatically result in

---

[3] Summary judgment movants must file a statement consisting of "short numbered paragraphs." Local Rule 56.1(a)(3). Plaintiffs run afoul of this rule in paragraph 33 of their statement, which recites the entire scope-of-work provision from the Illinois and Indiana Landscape Contractors Labor Agreement.

summary judgment for the Plaintiffs. Instead, Plaintiffs must demonstrate through the uncontested facts that they are entitled to summary judgment. As discussed below, Plaintiffs have failed to meet their burden.

Plaintiffs seek judgment on the grounds that Defendants' employees performed covered activities and Defendants did not make corresponding contributions to the Funds. Plaintiffs seek $254,194.89 in unpaid contributions under the Heavy and Highway and Underground Agreement and/or Illinois Building Agreement, and $63,725.12 under the Illinois and Indiana Landscape Contractors Labor Agreement. (R. 35-1, Pl.'s Stmt. of Facts ¶¶ 59-60.) In support of their assertion of the performance of covered activities, Plaintiffs point to the scope-of-work provisions, job descriptions, and testimony of eyewitnesses who saw Defendants' employees performing certain tasks allegedly covered by the relevant agreements. The conclusions of Plaintiffs' auditors — leading to the dollar amounts listed above — specifically rely on the assumption that the employees' activities fall under the authority of the relevant agreements.

Plaintiffs' assertions fail in at least two respects: (1) it is not clear that the employees' activities fall under the scope of work provisions of the agreements; and (2) Plaintiffs do not specify the duration of covered activities. Without evidentiary support in connection with both of these issues, there remain genuine issues of material fact which must await trial for resolution.

Pointing to the opinion of the Eleventh Circuit Court of Appeals in *Combs v. King*, 764 F.2d 818 (11th Cir. 1985), Plaintiffs appear to argue that such details are unnecessary because of Defendants' lack of employment records. Even if the Court adopted the reasoning of the Eleventh Circuit, however, summary judgment is still not appropriate. That case set forth a burden-shifting procedure for use when an employer maintained insufficient records to determine

benefit contribution requirements. According to this procedure, "an employee carries his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Combs*, 764 F.2d at 826 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 1192, 90 L. Ed. 1515 (1946)). Upon satisfaction of the employee's initial burden, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* The *Combs* court applied this burden-shifting procedure, articlulated by the Supreme Court in the context of the Fair Labor Standards Act ("FLSA"), to an ERISA case. *Id.*

In this case, Plaintiffs have failed to carry their initial burden. While they have provided ample evidence that Defendants' employees performed certain tasks, they have not shown "as a matter of just and reasonable inference" the extent to which those tasks are contemplated under the relevant agreements or the amount of the work actually performed. While reference to accounting audits may lend the illusion of reasonableness to Plaintiffs' allegations, the numbers in such reports are mere speculation arising from assumptions fed from attorney to accountant. Plaintiffs have not provided evidence to support the initial assumptions made by the attorney. Because Plaintiffs have not carried the initial burden of showing a reasonable inference of unpaid contributions, the rule of the Eleventh Circuit does not serve them.

Plaintiffs have failed to show that there is no issue of material fact with regard to the extent of covered work performed by Defendants' employees. Accordingly, Plaintiffs' motion for summary judgment is denied.

## CONCLUSION

Because there exists a genuine issue of material fact with respect to the extent of covered work performed by Defendants' employees, Plaintiffs' motion for summary judgment is denied.

Dated:  June 18, 2004　　　　　　　　　　ENTERED

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　AMY J. ST. EVE
　　　　　　　　　　　　　　　　　　　　United States District Judge